IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHEN ERIC JONES,                              1:15-CV-01533-BR

       Plaintiff,                          OPINION AND ORDER

v.

KLAMATH COUNTY JAIL; LT.
COMMANDER DAVIDSON;
SGT. COLLINS, VALERIE NEESE;
CARLA THOMAS; and
DR. KNUDSEN,

       Defendants.


STEPHEN ERIC JONES
OSH Bird 2
2600 Center Street N.E.
Salem, OR 97301

       Plaintiff, *Pro Se*

GERALD L. WARREN
Law Office of Gerald L. Warren and Associates
901 Capitol Street N.E.
Salem, OR 97301
(503) 480-7252

       Attorneys for Defendants Lt. Commander Davidson,
       Sgt. Collins, Valerie Neese, and Carla Thomas[1]

---

   [1] Defendant Klamath County Jail was dismissed from this
matter with prejudice on August 24, 2015.  Defendant Knudsen was
dismissed from this matter without prejudice on December 30,
2016.

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on County Defendants'
Motion (#32) for Summary Judgment.  For the reasons that follow,
the Court **GRANTS** Defendants' Motion and **DISMISSES with prejudice**
Plaintiff's claims against County Defendants.


<u>**BACKGROUND**</u>

On August 13, 2015, Plaintiff Stephen Eric Jones filed a *Pro
Se* Complaint pursuant to 42 U.S.C. § 1983 in which he alleged
claims against Klamath County Jail and Lt. Commander Davidson for
denial of adequate medical care during Plaintiff's pretrial
detention at Klamath County Jail.

On August 24, 2015, the Court entered an Order in which it
dismissed Plaintiff's claims against Klamath County Jail and
Lt. Commander Davidson with leave to file an Amended Complaint
stating claims against Lt. Commander Davidson.

On October 6, 2015, Plaintiff filed an Amended Complaint
against Lt. Commander Davidson, Sgt. Collins, Val,[2] Carla Thomas,
and Dr. Knudsen alleging claims under § 1983 for denial of
adequate medical care during Plaintiff's pretrial detention at
Klamath County Jail and denial of access to the law library.

On August 3, 2016, Defendants filed a Motion for Summary

_____

[2] In their Motion for Summary Judgment Defendants identify
this Defendant as Valerie Neese.

Judgment.

On August 4, 2016, the Court issued a Summary Judgment Advice Notice to Plaintiff advising him that if he did not submit admissible evidence in opposition to Defendants' Motion for Summary Judgment, summary judgment could be entered against him.

The Court took Defendants' Motion under advisement on November 14, 2016.


**STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id.*

## DISCUSSION

As noted, Plaintiff asserts claims against Defendants in his Amended Complaint for denial of adequate medical care during Plaintiff's pretrial detention at Klamath County Jail and for denial of access to the law library.  Defendants move for summary judgment on both claims.

## I.    Plaintiff's claim for denial of adequate medical care.

Plaintiff alleges he was denied adequate medical care when he was a pretrial detainee at Klamath County Jail.  Specifically, Plaintiff asserts Defendants were deliberately indifferent to Plaintiff's serious medical needs when they did not permit him to use leg braces during his time at Klamath County Jail.

### A.    Background

On October 2, 2014, Plaintiff was booked into the Klamath County Jail.  At the time of his booking Plaintiff was wearing "ACL type braces" on his legs that "contained items which could present security issues for the jail."  Decl. of Valerie Neese at ¶ 2.  Plaintiff advised Defendants that he had been treated at the Klamath County Orthopedic Clinic and that he required the braces.  Defendant Neese contacted Klamath County Orthopedic Clinic and requested Plaintiff's medical information in order to evaluate whether to permit Plaintiff to retain the braces.  Plaintiff, however, was discharged from Klamath County Jail on October 3, 2014, before Neese received a response from

the Orthopedic Clinic about Plaintiff's braces.

On October 7, 2014, Plaintiff was again booked into the Klamath County Jail, but he was not wearing leg braces.

On November 6, 2014, Plaintiff sent a Medical Request Form asking for a set of leg braces and advising Defendants to contact the Klamath County Orthopedic Clinic about his need for braces.

On Friday, November 7, 2014, Neese sent a Request of Information to Klamath County Orthopedic Clinic asking about Plaintiff's need for braces.

On Monday, November 10, 2014, Defendant Carla Thomas, a medical technician at Klamath County Jail, sent a Request of Information to Klamath County Orthopedic Clinic asking whether Plaintiff had a doctor's order to wear leg braces.

On November 11, 2014, Klamath County Orthopedic Clinic advised Thomas that Plaintiff's "leg braces were optional [and] not medically required." Decl. of Carla Thomas at ¶ 4. Neese responded to Plaintiff regarding his Medical Request Form and advised Plaintiff that his doctor told Defendants that Plaintiff's leg braces were not medically necessary.

Defendant Lt. Commander Davidson did not permit Plaintiff to use leg braces because they presented safety and security concerns and they were not medically necessary.

At some point Plaintiff sent a letter to Dr. Knudsen regarding his leg braces. On January 6, 2015, Dr. Knudsen

contacted Thomas about Plaintiff's request for leg braces.
Dr. Knudsen advised Thomas that "he had thoroughly reviewed
[Plaintiff's] medical records and that nothing suggested that
metal leg braces were medically required."  Thomas Decl. at
¶ 5.  Dr. Knudsen advised Thomas that Plaintiff could wear
neoprene knee wraps, but they were not required and he had not
ordered them for Plaintiff.

On March 5, 2015, Plaintiff was transferred from Klamath
County Jail to the Oregon State Hospital.  When Plaintiff
returned to Klamath County Jail on May 21, 2015, he was wearing
neoprene knee wraps given to him at the hospital.  Plaintiff was
permitted to continue to wear the neoprene knee wraps at the
jail.

**B.    Standards**

Because Plaintiff was a pretrial detainee at all
relevant times, the Court analyzes his claims under the
Fourteenth Amendment rather than under the Eighth Amendment.  *See
Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (9th
Cir. 2010)("We have long analyzed claims that correction facility
officials violated pretrial detainees' constitutional rights by
failing to address their medical needs . . . under [the]
'deliberate indifference' standard" of the Fourteenth
Amendment.).  *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.
1998)("Pretrial detainees' rights under the Fourteenth Amendment

are comparable to prisoners' rights under the Eighth Amendment,
[and, therefore, the Court] applies the same standards.").   The
Ninth Circuit, however, has also stated "because the contours of
the Eighth Amendment are more defined, Eighth Amendment
jurisprudence may provide helpful guidance as to the standards to
be applied [to Fourteenth Amendment analysis]."   *Hydrick v.
Hunter*, 500 F.3d 978, 998 (9th Cir. 2007).

        Deliberate indifference to serious medical needs is a
cognizable claim for violation of the proscription against cruel
and unusual punishment.   *Estelle v. Gamble*, 429 U.S. 97, 104
(1976).   *See also Actkinson v. Vargo*, 284 F. App'x 469, 472 (9th
Cir. 2008).

> To sustain [a] deliberate indifference claim, [a
> plaintiff must] meet the following test:  "First,
> the plaintiff must show a serious medical need by
> demonstrating that failure to treat a prisoner's
> condition could result in further significant
> injury or the unnecessary and wanton infliction of
> pain.  Second, the plaintiff must show the
> defendant's response to the need was deliberately
> indifferent."

*Peralta v. Dillard*, No. 09-55907, 2013 WL 57893, at *3 (9th Cir.
Jan. 7, 2013)(quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th
Cir. 2006)).   To satisfy the second prong (*i.e.,* that defendant's
response to the need was deliberately indifferent), a plaintiff
must show "'(a) a purposeful act or failure to respond to a
prisoner's pain or possible medical need and (b) harm caused by
the indifference.'"   *Id.* (quoting *Jett*, 439 F.3d at 1096).

Deliberate indifference may be established by showing that prison officials deny, delay, or intentionally interfere with medical treatment or it may be demonstrated by the way prison officials provide medical care. *Jett*, 439 F.3d at 1096.

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)(citation omitted). *See also Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). In addition, "a plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Wilhelm*, 680 F.3d at 1122 (quotation omitted).

**C.   Analysis**

Plaintiff fails to establish on this record that Defendants were deliberately indifferent to Plaintiff's serious medical needs; *i.e.*, Plaintiff does not point to any evidence in the record that establishes any medical professional prescribed leg braces for Plaintiff or that leg braces were medically necessary. At best, Plaintiff has established he disagrees with "the need to pursue one course of treatment over another," which is "insufficient, as a matter of law, to establish deliberate

indifference." *Wilhelm*, 680 F.3d at 1122.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds no reasonable juror could conclude on this record that Defendants' conduct constituted deliberate indifference to a substantial risk of harm to Plaintiff's health. Plaintiff, therefore, has not established Defendants violated Plaintiff's rights under the Fourteenth Amendment.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's claim for denial of adequate medical care.

## II.  Plaintiff's claim for denial of access to the law library.

Plaintiff alleges Defendants violated his right of access to courts when they denied him access to the law library in a manner that is unspecified in Plaintiff's Amended Complaint.

"Prisoners have a constitutional right of access to courts guaranteed by the Fourteenth Amendment" that may be met by access to a law library. *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994). *Hebbe v. Pilar*, 627 F.3d 338, 342 (9th Cir. 2010)(same). A plaintiff alleging a claim of denial of access to justice must have some actual injury. *Lewis v. Casey*, 518 U.S. 343, 352 (1996). *See also Evans v. El Dorado Hill*, 457 F. App'x 618, 619 (9th Cir. 2011)(same).

In his Amended Complaint Plaintiff does not set out any facts to support his claim for denial of access to the law

library.   The record reflects Plaintiff sent one kite requesting access to the Klamath County Jail's law library on October 12, 2015.   On October 13, 2015, Lt. Commander Davidson granted Plaintiff's request and permitted him to "go to the law library . . . during his out time."   Decl. of Jeanette Davison, Ex. 4 at 1.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds no reasonable juror could conclude on this record that Defendants denied him access to the law library. Plaintiff, therefore, has not established Defendants violated Plaintiff's rights under the Fourteenth Amendment.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Claim for denial of access to the law library.

## CONCLUSION

For these reasons, the Court **GRANTS** County Defendants' Motion (#32) for Summary Judgment and **DISMISSES with prejudice** Plaintiff's claims against County Defendants.

IT IS SO ORDERED.

DATED this 13th day of January, 2017.

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER